**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109747

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO FERRARA,<br><br>Plaintiff,<br><br>vs.<br><br>NIAGARA CREDIT SOLUTIONS, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

ANTONIO FERRARA (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against NIAGARA CREDIT SOLUTIONS, INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Williamsville, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by letter. ("Exhibit 1.")

14. Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's letter violated the FDCPA.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

19. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

20. Defendant's to Plaintiff letter indicates an "Interest Balance" of $4,748.05.

21. Defendant's letter fails to state whether the debt is continuing to accrue interest.

22. Defendant's letter fails to identify the date as of which the unpaid interest was calculated.

23. Defendant's letter fails to indicate whether interest will continue to accrue on the unpaid principal balance.

24. Defendant's letter fails to indicate the applicable interest rate if interest is continuing to accrue interest.

25. The least sophisticated consumer would be confused as to how she could satisfy the debt.

26. The least sophisticated consumer might believe she could pay the debt in full by remitting the sum of the principal and interest stated in the letter at any time after she received the letter.

27. Such a belief may or may not be correct, as Defendant has failed to indicate whether interest continues to accrue on the alleged debt after the date of the letter.

28. If interest continues to accrue after the date of the letter, the least sophisticated consumer would not know how to satisfy the debt because the Defendant has failed to indicate the applicable interest rate.

29. Conversely, the least sophisticated consumer might believe she may pay the debt in full by remitting the sum of the principal and interest stated in the letter at any time after the date of the letter.

30. Defendant failed to clearly state the amount of the debt.

31. Defendant failed to unambiguously state the amount of the debt.

32. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

33. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

34. Defendant has violated the FDCPA because the letter fails to state whether the debt is continuing to accrue interest.

35. Defendant has violated the FDCPA because the letter fails to identify the date as of which the unpaid interest was calculated.

36. Defendant has violated the FDCPA because the letter fails to indicate whether interest will continue to accrue on the unpaid principal balance.

37. Defendant has violated the FDCPA because the letter fails to indicate the applicable interest rate if interest is continuing to accrue.

38. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: November 18, 2015

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109747

BARSHAY | SANDERS, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530